IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERRN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLIE BRIDGES and
DON BRIDGES,                                                              PLAINTIFFS,

VS.                                                    CIVIL ACTION NO. 2:09CV010-P-S

UNITED STATES OF AMERICA,                                                  DEFENDANT.

## MEMORANDUM OPINION

This matter comes before the court upon the Government's December 22, 2009 motion to dismiss [5]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

On July 22, 2004 Ty Thomas Lathan Pittman and the USA executed an Option Agreement to Purchase a Wetland Reserve Program ("WRP") easement wherein the parties agreed that the Government would have the option to purchase the WRP easement for approximately $669,421.00 on Pittman's 810.80 acres.

On November 10, 2004 Pittman transferred 46.21 acres of the 810.80 parcel to Robert and Chuck Aldison. Pittman did not inform the Government of this transfer.

On July 22, 2005 the Option Agreement to Purchase between Pittman and the USA expired by its own terms per Item 7 which provided a one-year time limit on the option to purchase the WRP easement.

Nevertheless, Pittman and the Government executed a Warranty Deed giving the Government a WRP easement on all 810.80 acres on December 21, 2005. The Warranty Deed was recorded in Quitman County, Mississippi on January 5, 2006. The 46.21 acres Pittman transferred

1

between the time he entered the Option Agreement and the time he executed the Warranty Deed for the easement were not excluded from the original 810.80 acre parcel. In other words, the WRP easement was executed on Pittman's entire 810.80 acre tract despite the fact he had transferred 46.21 of his total 810.80 acres before execution and perfection of the easement.

Charlie and Don Bridges purchased Pittman's land at a bankruptcy sale. The Bridges purchased what was purported to be 810.80 acres with a WRP easement. The Bridges were unaware that 46.21 of those acres had already been transferred and thus they had actually purchased approximately 765 acres.

In March 2006 the Aldisons – the men who purchased the 46.21 acres from Pittman's 810.80 acre parcel – executed an WRP easement deed with the government. Thus, the subject 46.21 acres were then, in theory, covered by two separate WRP easements.

On January 15, 2009 the Bridges filed their Complaint seeking to void the WRP easement on the 810.80 parcel they purchased from Pittman. The plaintiffs argue that the WRP easement is void since Pittman did not own the entire parcel (*i.e.*, 810.80 less the 46.21 acres transferred to the Aldisons) when the easement deed was recorded.

The Government has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff's claim fails to state a claim.

## II. DISCUSSION

**<u>1. Rule 12(b)(6) Standards</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, [and] 'the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action', on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Stated simply: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## 2. Analysis

In their motion to dismiss, the Government argues primarily that pursuant to Mississippi law the prior conveyance by Pittman of 46.21 acres did not void the WRP easement on the entire 810.80 Pittman parcel; rather, only the WRP easement originally obtained by Pittman on the 46.21 acres is void. As cited by the Government, Mississippi law provides: "All alienations and warranties of land purporting to convey or pass a greater estate than the grantor may lawfully convey or pass shall operate as alienation or warranties of so much of the right and estate in such lands as the grantor could lawfully convey...." Miss. Code Ann. §89-1-17; *Williamson v. DeBruce*, 57 So.2d 167, 168-69 (Miss. 1952).

The plaintiffs counter that since Pittman conveyed more than he owned in the WRP easement deed, the entire easement is void pursuant to 7 C.F.R. §1467(d) which provides in pertinent part: "When a parcel of land that has been accepted for enrollment into the WRP is sold or transferred

3

prior to the easement being perfected, the application or option agreement to purchase will be cancelled and acres will be removed from enrollment." However, this regulation did not become effective until June 2, 2009 and the WRP easement in question was recorded in 2006. Furthermore, §1467(d) was not retroactive.

Alternatively, the plaintiffs argue that 7 C.F.R. 1467.4(c) requires the landowner who is seeking a WRP easement to have owned the land "12 months prior to the time the intention to participate is declared." The plaintiffs define "the time the intention to participate is declared" to be the date the easement was actually recorded – in this case, January 5, 2006. Therefore, the plaintiffs argue the entire WRP easement is void since Pittman transferred 46.21 of his 810.80 acres on November 10, 2004 which was more than 12 months prior to recording of the WRP easement on the entire 810.80 acres on January 5, 2006.

The Government counters that the regulations actually count the "time the intention to participate is declared" from § 1467.4(c) to be the date upon which an Option Agreement is signed, not when the easement is actually recorded and perfected. 7 C.F.R. § 1467.7(c) ( "A landowner accepts enrollment in the WRP by signing [the option] contract [sic]."). Furthermore, 7 C.F.R. § 1467.13(a) provides that "Any transfer of the property prior to the landowner acceptance into the program shall void the offer of enrollment."

The Government argues that since Pittman signed the Option Agreement to Purchase on July 22, 2004, he accepted enrollment in the WRP pursuant to §1467.7(c). And since Pittman owned all 810.80 acres on the date he signed the Option Agreement, he owned the land "12 months prior to the time the intention to participate is declared" as required by § 1467.4(c). The Government also reasons that § 1467.13(a) ("Any transfer of the property prior to the landowner's acceptance into the

4

program shall void the offer of enrollment.") is inapplicable because Pittman did not transfer any of the property prior to his acceptance into the program – which was when he signed the Option Agreement on July 22, 2004, not when the easement was perfected on January 5, 2006.

### III. CONCLUSION

The court concludes that the plaintiffs have not stated a plausible claim as a matter of law since the relevant federal WRP regulations and Mississippi law do not support the plaintiffs' primary claim that the WRP easement on their property should be declared null and void. Accordingly, the Government's motion to dismiss should be granted and the plaintiffs' claims should be dismissed with prejudice. A Final Judgment shall issue forthwith,

**THIS DAY** of July 15th, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE